IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA POPRAVSKY,

        Plaintiff,

vs.                                         No. CIV 99-0799 LCS/WWD

**SNELLING PERSONNEL SERVICES, INC.,**
a foreign corporation d/b/a
**PRO TEM, INC. a/k/a**
**PERSONNEL RESEARCH, INC.,**

        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment as to Counts One, Two and Three (Doc. 30), filed April 14, 2000, and Motion for Summary Judgment as to Count Four (Doc. 31), filed April 14, 2000. The Court, having considered the arguments of counsel, record, relevant law, and being otherwise fully informed, finds that these Motions should be **DENIED**.

**I. Background.**

Plaintiff was employed by Defendant as an account manager. Plaintiff disputes the underlying facts as set out by Defendant. In her Complaint, Plaintiff alleges that, beginning in May, 1996, she was subjected to sexually offensive conduct in the scope of her employment consisting of sexually explicit jokes and comments. After Plaintiff informed management that she found the jokes and

comments to be offensive, she alleges that no action was taken and the behavior became more pronounced.

Plaintiff alleges that, in September, 1996, two co-workers, Steve Tomasella and Michelle Douglass, directed her to watch a training video, which was actually a pornographic video. When Plaintiff complained to Patrick Murphy, Defendant's owner, Plaintiff alleges that he stated "next time invite me" and walked off. After this comment and inaction, Plaintiff alleges the frequency of the offensive jokes and comments increased.

On October 16, 1996, while Plaintiff was at home on sick leave, Douglass faxed her a picture of a nude man. Plaintiff alleges that, upon her return to work, she began to find sexually offensive material at her workstation consisting of sanitary napkins, condoms and pantyhose. Plaintiff complained to her supervisor, Jennifer Brown. Plaintiff alleges that Brown told Plaintiff that she would have to handle it herself. Plaintiff received sexually offensive e-mails referring to her as a "dumb blonde" and an "ass bucket."

Plaintiff filed an EEOC charge. On November 22, 1996, the EEOC conducted an on-site investigation. On December 2, 1996, Murphy issued a written reprimand to Plaintiff for making sexual comments and jokes at work. Plaintiff denied the charges. On December 9, 1996, Brown searched Plaintiff and her car because Murphy and Brown believed that Plaintiff was removing company documents consisting of a client list and contact information. Plaintiff denied taking any documents belonging to Defendant.

On December 10, 1996, Brown and Murphy informed Plaintiff that she had been suspended without pay indefinitely until she produced the company documents she had allegedly taken. Plaintiff asserted she was unable to produce the documents because she had not taken them. Brown called

her a liar and Murphy left the room. On December 11, 1996, Plaintiff resigned. In her deposition, Plaintiff testified that she was forced to resign in order to support her family.

Plaintiff alleges that the EEOC determined that she had been subjected to sexual harassment and retaliation in violation of Title VII. Plaintiff alleges that since her termination, Defendant has continued to retaliate against her and make defamatory comments about her. Murphy told prospective employers that she was a "liar and a thief" and Brown gave her a negative reference. Plaintiff alleges that she has been unable to obtain employment in her field as a result of the retaliatory conduct and defamatory statements.

In her Complaint, filed July 19, 2000, Plaintiff alleges sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, a claim for constructive or retaliatory discharge, and a state law claim for defamation. On May 4, 2000, the Court denied Plaintiff's Motion to Amend the Complaint to join Michelle Douglass as a defendant and to assert state law claims for battery and intentional spoliation of evidence.

**II. Standard of Review.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact. " *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Simms,* 165 F.3d at 1326. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir.1999). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

**III. Analysis.**

**A.     Defendant's Motion for Summary Judgment as to Counts One, Two and Three.**

In Counts One, Two and Three, Plaintiff alleges sexual harassment, retaliation and constructive discharge in violation of Title VII.[1] Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on account of her gender. *See* 42 U.S.C. § 2000e-2(a)(1). Title VII prohibits retaliation against employees for asserting their rights under Title VII, providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish constructive discharge, Plaintiff must demonstrate that Defendant's discriminatory acts forced her to resign involuntarily. *See Yearous v. Niobrara County Memorial Hosp. by and through Bd. of Trustees*, 128 F. 3d 1351, 1356 (10th Cir.1997); *Burks v. Oklahoma Pub. Co.*, 81 F. 3d 975, 978 (10th Cir. 1996).

**Defendant's Arguments Regarding Plaintiff's Hostile Work Environment Claim**

Defendant argues it is entitled to summary judgment on Plaintiff's sexual harassment claim

---

[1]     In her Response in Opposition to Defendant's Motion for Summary Judgment as to Counts One, Two and Three, Plaintiff characterizes Count Three as a claim for retaliatory discharge under state law. (Pl.'s Resp. in Op. to Def.'s Mot. for Summ. J. as to Counts One, Two and Three at 14-15.) A claim for retaliatory discharge under New Mexico law requires an employee to show that she was discharged because she performed an act that public policy authorizes or encourages. *See Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 647, 777 P.2d 371, 375 (1989). Plaintiff has failed to plead all elements of retaliatory discharge and may not amend her complaint at this stage of the proceedings without leave of the Court. *See* Fed. R. Civ. P. 15(a). Because Plaintiff has not requested, and the Court has not granted, leave to amend her complaint to state a claim for retaliatory discharge under state law, Count Three is construed as a claim for constructive discharge relating to Plaintiff's claims under Title VII.

because Plaintiff created the hostile work environment. Plaintiff bases her Title VII sexual harassment claim on a hostile work environment theory. For a hostile environment claim to survive a summary judgment motion, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Service*, 142 F. 3d 1334, 1341 (10th Cir.1998) (internal quotation marks and citations omitted). A plaintiff must establish not only that she subjectively perceived the environment as hostile and abusive, but also that a reasonable person would perceive the environment to be hostile and abusive. *See Gupta v. Florida Bd. of Regents*, _____U.S. ____ , 2000 WL 6330224, at *6-7 (May 17, 2000).

The severity and pervasiveness analysis looks to all the circumstances including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Resolution of this inquiry is "particularly unsuited for summary judgment because it is quintessentially a question of fact." *O'Shea v. Yellow Tech. Serv., Inc.*, 185 F.3d 1093, 1097 (10th Cir. 1999). As discrimination claims often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the plaintiff. *Id.*

Defendant charges that any alleged sexual harassment was not unwelcome because Plaintiff was a willing participant. If a plaintiff's words and actions in the work place show that she was a willing and frequent participant in the conduct at issue, courts are less likely to find that the conduct was "unwelcome" or "hostile." *See Reed v. Shepard*, 939 F.2d 484 (7th Cir.1991) (plaintiff could not argue that work environment was hostile where she manifested enthusiastic receptiveness to

6

sexually suggestive jokes and activities); *Hicks v. Baltimore Gas*, 829 F. Supp. 791, 796 (D. Md.1992) (plaintiff unable to establish a case of sexual harassment where she admitted calling co-workers names, she subjected co-workers to offensive language, and her own behavior was erratic and angry); *Weinsheimer v. Rockwell International Corp.*, 754 F. Supp. 1559, 1564 (M.D. Fla.1990) (conduct was not unwelcome where plaintiff made sexual gestures, told sexual stories, and was otherwise willingly involved in sexual innuendo prevalent at work). *But see Carr v. Allison Gas Div., General Motors Corp.*, 32 F. 3d 1007, 1008 (7th Cir. 1994) (Posner, J.) (observing that "[w]elcome sexual harassment is an oxymoron").

In this case, the facts are in dispute as to whether Plaintiff was a willing participant. Plaintiff testified at her deposition that she was not a willing participant in the sexual harassment and complained about sexual harassment to both her co-workers and management. (Pl. Ex. A at 68-69; 74-75; 82.) Linda Lacardie, a co-worker, stated in an affidavit to the EEOC that Plaintiff was offended by the by the sexual harassment. (Pl. Ex. L at 2.) Another co-worker, Kellie Bigelow, stated in an EEOC affidavit that Plaintiff complained about an offensive picture of a nude man circulating around the office. (Pl.'s Ex. G at 1.) Viewing the record in the light most favorable to Plaintiff, I find that Plaintiff has established a genuine dispute of material fact as to whether the conduct was "unwelcome." Summary judgment is, therefore, inappropriate on this ground.

In addition, Defendant argues that it is entitled to summary judgment on Plaintiff's sexual harassment claim because there is no evidence that Defendant knew of her concerns and failed to act. An employer may be held liable only if it knew, or should have known, about the hostile work environment and failed to respond in an appropriate manner. *See Wright-Simmons v. City of Oklahoma City*, 155 F. 3d 1264, 1269 (10th Cir. 1998); *Hirschfeld v. New Mexico Corrections Dep't*, 916 F. 2d 572, 577 (10th Cir. 1990). Liability attaches when a plaintiff establishes that an

7

employer had actual or constructive notice of the hostile work environment and failed to respond adequately to that notice. *See Davis*, 142 F. 3d at 1342. For purposes of Title VII, an employer is deemed to be on notice of a hostile work environment if management level employees know about the alleged harassment. *See Hirschfeld*, 916 F. 2d at 577.

Defendant acknowledges that its managerial staff consisted of Murphy and Brown. (Def.'s Mem. of Law in Supp. of Def.'s Mot. for Summ. J. as to Counts One, Two and Three at 5.) Defendant asserts that there is no evidence that Plaintiff reported the alleged sexual harassment to Murphy or Brown before the November 22, 1996 EEOC investigation. Plaintiff disputes this assertion.

Plaintiff testified in her deposition that, before the EEOC investigation, Murphy placed his hand on her thigh and told her to spread her legs if she wanted to get clients. (Pl.'s Ex. A at 2.) Plaintiff also testified that she reported the sexual harassment to Brown, but that Brown said she wanted to have no part in it. (Pl.'s Ex. A at 4.) Douglass testified that Brown knew that employees were telling sexual jokes in Plaintiff's presence. (Pl.'s Ex. C at 1.) Lacardie and Bigelow stated in their affidavits that Plaintiff reported the alleged harassment to Brown or Murphy. (Pl. Ex. G and L.)

Although Defendant admits that Murphy learned of the pornographic video incident on the day it occurred, it asserts that Murphy verbally admonished Tomasella, the employee who showed the pornographic video to Plaintiff. (Def. Ex. 2 at 2.) Again, Plaintiff disputes Defendant's assertion. Plaintiff testified that, not only did Murphy fail to discipline Tomasella, but that when she told Murphy about the video incident he stated "next time invite me." (Pl.'s Ex. A at 5.) Viewing the record in the light most favorable to Plaintiff, I find that Plaintiff has established a genuine dispute of material fact as to whether Defendant actually or constructively received notice of the alleged sexual harassment prior to November 22, 1996. Summary judgment is, therefore, inappropriate on this

ground.

**Defendant's Arguments Regarding Plaintiff's Retaliation Claim**

Defendant argues that it is entitled to summary judgment on Plaintiff's Title VII retaliation claim because Plaintiff is unable to establish that Defendant's stated reasons for issuing a written reprimand to Plaintiff and placing her on leave without pay were pretextual. Plaintiff's Title VII retaliation claim is analyzed under the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Cole v. Ruidoso Mun. Schs.,* 43 F.3d 1373, 1381 (10th Cir. 1994). Plaintiff must first establish a *prima facie* case of retaliation. *Id.* If Plaintiff can establish a *prima facie* case, the burden shifts to Defendant to come forward with a legitimate, nondiscriminatory business reason for the action. *See id.* at 1379. Once Defendant has articulated a non-discriminatory reason for the action, then the burden shifts back to Plaintiff to show that the asserted reason is pretextual. *Id.*

In order to establish a *prima facie* case of retaliation, Plaintiff must show that: (1) she engaged in protected opposition to discrimination; (2) she was subjected to adverse employment action by the employer; and (3) a causal connection exists between the protected activity and the adverse action. *See McCue v. Kansas Dep't of Human Resources*, 165 F.3d 784, 789 (10th Cir.1999). "If a prima facie case is established, the burden of production shifts, and the defendant must articulate a legitimate, non-discriminatory reason for the adverse action." *Purrington v. Univ. of Utah*, 996 F.2d 1025, 1033 (10th Cir.1993). If the employer offers such a reason, the plaintiff may survive summary judgment by showing that there is a genuine dispute of material fact as to whether the proffered reason for the challenged action is pretextual. *See Richmond v. ONEOK*, 120 F.3d 305, 208 (10th Cir. 1997). Defendant conceded, for the purposes of this Motion, that Plaintiff has established a *prima facie* case of retaliation. The burden of production thus shifted to Defendant to

9

articulate a legitimate, non-discriminatory reason for the adverse action. *See Purrington v. Univ. of Utah*, 996 F. 2d at 1033.

Two adverse employment actions are at issue; a written reprimand and suspension without pay. On December 2, 1996, Murphy issued a written reprimand to Plaintiff for making sexual comments and jokes at work. Defendant asserts that the legitimate nondiscriminatory business reason for reprimanding Plaintiff was that she engaged in the same conduct of which she accused Tomasella and Douglass. Defendant has met its burden of articulating a legitimate, nondiscriminatory business reason for the reprimand. The burden thus shifted to Plaintiff to establish pretext.

The pertinent question is determining pretext is not whether the employer was right to think that the employee engaged in misconduct, but whether that belief was genuine or pretextual. *See Pastran v. K-Mart Corp.* 210 F. 3d 1201, 1206 (10th Cir. 2000). In support of her claim of pretext, Plaintiff asserts that Defendant's proffered reason for the written reprimand was pretextual and that the reprimand was actually issued in retaliation for her EEOC complaint and the ensuing investigation. Plaintiff testified that she did not engage in the same conduct as Douglass and Tomasella. (Pl. Ex. A at 87; 88; 96.) The EEOC on-site investigation occurred on November 22, 1996, less than two weeks before the reprimand was issued. Close temporal proximity between the EEOC complaint and the adverse employment action is a factor in determining whether the employer's proffered reason is a pretext for retaliation. *See Pastran,* 210 F. 3d at 1206. Plaintiff's assertion that she was treated differently from her co-workers who did not file EEOC complaints and the close temporal proximity raise issues of material fact as to whether Defendant's reason for the adverse employment action was pretextual. Plaintiff has presented enough evidence in support her assertion that Defendant's reason for issuing the written reprimand was pretextual to raise a factual issue. Summary judgment would thus be inappropriate on this ground.

The second adverse employment action was suspension without pay. On December 10, 1996, Brown and Murphy informed Plaintiff that she had been suspended without pay indefinitely until she produced the company documents she had allegedly taken. Plaintiff asserted she was unable to produce the documents because she had not taken them. The next day, on December 11, 1996, Plaintiff resigned. Defendant asserts that the legitimate nondiscriminatory business reason for placing Plaintiff on leave without pay was that Plaintiff stole company documents and refused to return them. Defendant met its burden of articulating a legitimate nondiscriminatory business reason for imposing the suspension. The burden thus shifted to Plaintiff to show pretext.

In support of her assertion of pretext, Plaintiff contends that the suspension was actually imposed in retaliation for her EEOC complaint and the subsequent investigation. Plaintiff testified in her deposition that she did not steal company property and removed only her personal belongings and that she was unable to produce the documents because she had not taken them. (Pl. Ex. A at 177-79; 180-82.) Plaintiff was suspended on December 10, 1996, less than three weeks after the EEOC investigation. The possibility that Murphy and Brown wrongfully accused Plaintiff of stealing the documents, combined with evidence of close temporal proximity, raises an issue of material fact as to whether Defendant's reason for the adverse employment action was pretextual. *See Pastran v. K-Mart Corp.* 210 F. 3d at 1206. Plaintiff has presented enough evidence in support her assertion that Defendant's purported reason for placing her on indefinite leave without pay was pretextual to raise a factual issue.

Plaintiff has presented sufficient evidence from which a reasonable jury could conclude that Defendant's reprimand and placement of Plaintiff on indefinite leave without pay violated Title VII's anti-retaliation provisions. 42 U.S.C.§ 2000e-3(a). *See Sias v. City Demo Agency*, 588 F.2d 692 (9th Cir. 1978). Plaintiff has set forth specific facts showing a genuine issue for trial on a material

matter. *See McGarry v. Pitkin Co.*, 175 F.3d at 1201. Because Plaintiff has presented evidence from which a jury could find pretext, Defendant's motion for summary judgment should be denied as to this issue. Viewing the record in the light most favorable to Plaintiff, I find that Plaintiff has established a genuine dispute of material fact as to whether Defendant's reasons for the adverse employment actions were pretextual. Summary judgment is, therefore, inappropriate on this ground.

**Defendant's Arguments Regarding Plaintiff's Constructive Discharge Claim**

Defendant argues that it is entitled to summary judgment on Plaintiff's constructive discharge claim because Plaintiff created the intolerable working conditions of which she complains. In order to state a constructive discharge claim, a plaintiff must allege facts sufficient to demonstrate under an objective test that a reasonable person would have viewed her working conditions as intolerable. *See Derr v. Gulf Oil Corp.*, 796 F. 2d 340, 343-44 (10th Cir. 1986). The plaintiff's subjective view of the employment environment and the employer's subjective intent with regard to discharging her are both irrelevant. *See id.* If an employee resigns of her own free will, even as a result of the employer's actions, that employee will not be held to have been constructively discharged. *See Yearous v. Niobrara County Mem'l Hosp.*, 128 F. 3d 1351, 1356 (10th Cir. 1997). Essentially, a plaintiff must show that she had no other choice but to quit. *Id.* (*quoting Woodward v. City of Worland*, 977 F. 2d 1392, 1401 (10th Cir. 1992)).

A finding of constructive discharge must not be based only on the discriminatory act; there must also be aggravating factors that make staying on the job intolerable. *See James v. Sears, Roebuck & Co., Inc.*, 21 F. 3d 989, 992 (10th Cir. 1994). A constructive discharge occurs when an employer effectively prevents an employee from performing her job. *See Sanchez v. Puerto Rico Oil Co.*, 37 F. 3d 712, 719 (1st Cir. 1994). Actions such as demotions, offers of early retirement, reassignments to job with lower status or pay, depending upon the individual facts of the case, may

constitute aggravating factors that would justify a finding of constructive discharge. *See James*, 21 F.3d at 993. Moreover, harassment that forces an employee to take extended medical leave is equivalent to the imposition of a constructive discharge. *See White v. Honeywell, Inc.*, 141 F. 3d 1270, 1278 (8th Cir. 1998) (*citing Shafer v. Dallas County Hosp. Dist.*, No. CA 3-96-CV-1580-R, 1997 WL 667933 at *6 (N.D. Tex. Oct. 21, 1997)); *Llewellyn v. Celanese Corp.*, 693 F. Supp. 369, 380 (W.D. N.C. 1988).

Plaintiff asserts that she was forced to resign one day after being placed on leave without pay in retaliation for filing her EEOC complaint. Plaintiff testified that, after Defendant placed her on indefinite leave without pay, she believed that she was forced to resign in order to find other employment to feed her children. (Pl. Ex. A at 188.) Plaintiff was suspended without pay less than three weeks after the on-site EEOC investigation. Plaintiff alleges that she was subjected to sexual harassment by both Murphy and her co-workers. Plaintiff's allegations in support of her claim of constructive discharge, though not particularly strong, are enough to withstand summary judgment. It will be up to a jury to determine whether Plaintiff would reasonably have felt that she had no other choice but to quit her employment with Defendant. Thus, Defendant is not entitled to summary judgment on Plaintiff's constructive discharge claim.

**B.     Defendant's Motion for Summary Judgment as to Count Four**

In Count Four, Plaintiff alleges defamation. This Court applies New Mexico substantive law to this supplemental claim. *See BankOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F.3d 1089, 1103 (10th Cir. 1999). In order to establish a *prima facie* case of defamation, Plaintiff must prove that Defendant published a communication containing a false statement of an asserted fact concerning Plaintiff, that the person receiving the communication understood it to be defamatory, that Defendant knew that the communication was false or negligently failed to recognize that it was false, that the

communication proximately caused actual injury to Plaintiff's reputation, and that Defendant abused its privilege to publish the communication. *See* N.M. UJI-Civ. 13-1002 (1999). For the purposes of this Motion, Defendant concedes that Plaintiff has established that the statements were defamatory and were published to a third party. (Def.'s Mem. in Supp. of Mot. for Summ. J. as to Count Four at 4.) Defendant asserts that it is entitled to summary judgment on Plaintiff's defamation claim because the comments were solicited, Murphy believed the statements to be true, and Plaintiff suffered no injury.

Defendant did not assert or support an argument that the allegedly defamatory statements were privileged. *See Baker v. Bhajan*, 117 N.M. 278, 281, 871 P.2d 374, 377 (1994) (*citing Gengler v. Phelps*, 92 N.M. 465, 467, 589 P.2d 1056, 1058 (Ct. App. 1978). The facts are in dispute with respect to the arguments asserted by Defendant. Plaintiff points out that Murphy admitted that he told a prospective employer that he caught Plaintiff "red handed" taking a client list. (Pl. Ex. D at 45.) Plaintiff testified that she did not take company property. (Pl. Ex. A at 180.) Similarly, Brown testified that she gave Plaintiff a negative reference. (Pl. Ex. B at 26.) In an affidavit Lena Hadlock, a former branch manager with an Albuquerque employment agency at which Plaintiff applied, averred that, when she called Defendant to check Plaintiff's references, Murphy called Plaintiff a "liar and a thief." (Aff. of Lena Hadlock, filed May 23, 2000.) Plaintiff testified that she lost at least one job because of the negative references. (Pl. Ex. A at 199-200.)

Although privilege may be an issue at trial, Plaintiff has set forth specific facts showing a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d at 1201. Viewing the record in the light most favorable to Plaintiff, I find that Plaintiff has established a genuine dispute of material facts with respect to her claim for defamation. Summary judgment is, therefore, inappropriate with respect to Count IV.

**IV. Conclusion.**

Upon review of the evidence presented on these Motions for Summary Judgment, the Court finds that genuine issues of material fact remain as to Plaintiff's claims as alleged in Counts One, Two, Three, and Four. Therefore, Defendant's Motion for Summary Judgment as to Counts One, Two and Three (Doc. 30), filed April 14, 2000, and Defendant's Motion for Summary Judgment as to Count Four (Doc. 31), filed April 14, 2000, shall be **DENIED**.

**AN ORDER CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**